**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **OLVIN HERNAN FUENTES HERNANDEZ,** <br><br> **Petitioner,** <br><br> v. <br><br> **DAVID J. VENTURELLA and WARDEN, SOUTH TEXAS ICE PROCESSING CENTER,** <br><br> **Respondents.** | § § § § § § § § § § § § | **CIVIL NO. SA-26-CV-5140-OLG** |

**ORDER**

Pending before the Court is Petitioner Olvin Hernan Fuentes Hernandez's First Amended Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dkt. No. 5), to which Respondents filed a response (Dkt. No. 6), and Petitioner filed a reply (Dkt. No. 8). For the reasons that follow, the Petition (Dkt. No. 5) is **DENIED**.

## I. BACKGROUND

Petitioner is a citizen of Honduras who initially entered the United States in 2004. *See* Dkt. Nos. 5 at 4; 6 at 2; 6-1 at 1. He was later removed from the United States but returned on an unknown date. *See* Dkt. Nos. 5 at 4; 6 at 2. When encountered by immigration officials in 2014, Petitioner was prosecuted for, and convicted of, illegal re-entry. *See* Dkt. No. 6 at 2–3. He was then transferred to ICE custody and, after an immigration judge granted withholding of removal, he was released under an Order of Supervision ("OSUP"). *Id.* at 3; Dkt. No. 6-8. Petitioner violated the terms of his release thereafter by failing to report and update his address. *See* Dkt. No. 6-9 at 1–2. As a result of these violations, he was taken back into custody on July 23, 2026, after which his OSUP was revoked. *See* Dkt. Nos. 5 at 2; 6 at 3; 6-2 at 2; 6-9 at 1–2. On August 11, 2026,

Petitioner initiated this habeas action challenging his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Dkt. Nos. 1; 5 at 13–15.

## II. LEGAL STANDARD

A district court may issue a writ of habeas corpus when a federal detainee is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While many statutory provisions limit judicial review in the immigration context, "habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas*, 533 U.S. at 687–88.

## III. ANALYSIS

"Once an alien is ordered removed, the Department of Homeland Security ("DHS") must physically remove him from the United States within a 90-day 'removal period.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). During the 90-day removal period, detention is mandatory, *see id.* (citing 8 U.S.C. § 1231(a)(2)); however, "[u]pon expiration of the removal period, the Government may continue to detain certain aliens or release them under conditions of supervision." *Abuelhawa v. Noem*, --- F. Supp. 3d ---, 2025 WL 2937692, at *4 (S.D. Tex. Oct. 16, 2025) (citing 8 U.S.C. § 1231). "Although the statute does not specify a time limit on how long DHS may detain an alien in the post-removal period," post-removal detention may last no longer than what is "reasonably necessary to bring about the alien's removal." *Guzman Chavez*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). Recognizing that not all reasonably foreseeable removals can be accomplished within the three-month removal period, the Supreme Court has generally held that such detentions are "presumptively reasonable" for up to "six months." *Zadvydas*, 533 U.S. at 701. After that point, release is required if "there is

no significant likelihood of removal in the reasonably foreseeable future." *Guzman Chavez*, 594 U.S. at 529 (citation omitted).

That said, an alien's release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Zadvydas*, 533 U.S. at 700. To that end, the applicable regulations provide that "[a]ny alien who has been released under an [OSUP and] violates any of the conditions of release may be returned to custody . . . for an additional six months in order to effect the alien's removal, if possible, and to effect the conditions under which the alien had been released." 8 C.F.R. § 241.13(i)(1).

Petitioner spends his briefing discussing the unlikelihood of his removal. *See* Dkt. Nos. 5; 8. That claim is not supported by the record. *See* Dkt. No. 6-9 at 4 (noticing Petitioner's imminent removal to Mexico in light of ICE's "possession of a travel document to affect [his] removal"). Even if Petitioner is correct, however, he does not dispute that he violated the conditions of his release. *See* Dkt. Nos. 5; 8. That is fatal to his claim. Because Petitioner violated the conditions of his release, it was appropriate to revoke his OSUP and return him to custody "for an additional six months." *See Zadvydas*, 533 U.S. at 700; 8 C.F.R. § 241.13(i)(1). That six-month window has not yet expired.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Dkt. No. 5) is **DENIED**.

This case is **CLOSED**.

**IT IS SO ORDERED**.

**SIGNED** on November 12, 2026.

ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE